(No. 4357— ▮▮▮▮▮▮▮▮▮▮)

Murrel S. Haire, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 10, 1951.*

Murrel S. Haire, Claimant, pro se.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

DELANEY, J.

On August 9, 1950, the claimant, Murrel S. Haire, employed by the respondent as a highway section man in the Department of Public Works and Buildings, Division of Highways, while repairing a sickle bar of a power mower, caught his right index or first finger in the moving sickle, and severed it at the proximal phalanx. Claimant picked up the sickle bar to clean vegetation clippings from the ledger plates. The motor was running, but the clutch to the drive shaft of the sickle was disengaged. Apparently, the disengagement was not complete because the sickle moved as Mr. Haire picked up the bar.

Immediately after the accident Mr. Haire went to Dr. K. J. Malmberg at Auburn for treatment, and reported the accident to his superior. Dr. Malmberg rendered first aid, and sent Mr. Haire to Dr. A. M. Lindsay at Springfield, Illinois, for repair of the traumatic amputation.

Incorporated in the record herein is a diagram drawn by Dr. Lindsay. On this diagram Dr. Lindsay drew a line which indicates that Mr. Haire's right index finger was removed at a point which would leave approximately one-third of the proximal phalanx.

No jurisdictional questions are raised. Both claimant and respondent were operating under the Workmen's Compensation Act.

The record consists of the complaint, departmental report and transcript of evidence.

Claimant has no children under 18 years of age dependent on him for support. His earnings in the year preceding his injury totaled $2,688.00. Mr. Haire was totally disabled because of his injury from August 10

to 13, 1950, inclusive. He was paid full salary in lieu of compensation for the period of total temporary disability in the amount of $21.68. Claimant was not temporarily totally incapacitated for more than six working days, so we do not have to consider temporary total incapacity in this cause, Section 8 (b) of the Workmen's Compensation Act. All hospital and doctor bills have been paid by respondent.

In reviewing the record of the report of Dr. Lindsay, and from an examination of the Commissioner of the Court, it indicates that claimant has suffered a loss of use of the entire right index or first finger.

Section 8, Paragraph (e) of the Workmen's Compensation Act provides for loss of the index or first finger, or the permanent and complete loss of its use, 50 per cent of the average weekly wage during 40 weeks. The compensation rate is, therefore, the maximum of $15.00; since the injury occurred subsequent to July 1, 1949, this must be increased 50 per cent, making a compensation rate of $22.50. The claimant is entitled to an award of $22.50 per week for a period of 40 weeks, or the sum of $900.00. From this award must be deducted the sum of $21.68 for non-productive time, leaving a total award of $878.32.

An award is, therefore, entered in favor of the claimant, Murrel S. Haire, in the amount of $878.32, payable as follows:

$781.05, which has accrued as of April 10, 1951, is payable forthwith; $ 97.27, payable in weekly installments of $22.50, beginning April 17, 1951, for a period of 4 weeks with a final payment of $7.27.

Hugo Antonacci, Court Reporter, was employed to take and transcribe the evidence in this case and has rendered a bill in the amount of $8.30. The Court finds

that the amount charged is fair, reasonable and customary.

An award is, therefore, entered in favor of Hugo Antonacci, for taking and transcribing the testimony in this case in the amount of $8.30, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."